**No. 48280.**—Protests 5893–K, etc., of W. X. Huber Co. (Los Angeles).

COLE, Judge: Woven tie fabrics, less than 30 inches wide, not Jacquard-figured, and consisting of wool and silk, the latter material being in chief value, were classified under the specific provision therefor in paragraph 1205, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001), as amended by the trade agreement with Switzerland, published in T. D. 48093, and accordingly assessed with duty at 50 per cent ad valorem. In addition, duty at the rate of 50 cents per pound and 60 per cent ad valorem was assessed on the wool content of the merchandise in accordance with the provisions of paragraphs 1122, and 1109, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 1122 and par. 1109).

Plaintiff does not dispute the classification under paragraph 1205, *supra*, but claims that the provisions of paragraphs 1109 and 1122, neither paragraph having been modified by the Swiss Trade Agreement, have no application here, and in support of such contention relies upon the following language in article II of the said trade agreement:

Articles the growth, produce, or manufacture of Switzerland enumerated and described in Schedule II annexed to this Agreement shall, on their importation into the United States of America, be exempt from ordinary customs duties in excess of those set forth and provided for in the said Schedule.

In presenting this issue, however, plaintiff has entirely overlooked the second paragraph of the "NOTE" appearing at the beginning of schedule II referred to, which says that if any article enumerated in the said schedule is subject "to additional or separate ordinary customs duties, * * * such separate or additional duties shall continue in force * * *." The importance of this "NOTE" is embodied in article IV of the said trade agreement, reading:

Schedules I and II annexed to this Agreement, *the notes included in them,* and the Declaration annexed to this Agreement shall have force and effect as integral parts of this Agreement. [Italics ours.]

It is clear from the foregoing that it was never the intention of the negotiators of the Swiss Trade Agreement to suspend the provisions of any paragraph of the Tariff Act of 1930 as originally enacted, as they affected any class of merchandise.

The protests are overruled and the decision of the collector in each instance is affirmed. Judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, MAY 14, 1943

**No. 48281.**—Protests 79579–K, etc., of Butler Brothers (San Francisco).

Opinion by LAWRENCE, J. It was conclusively established that the wreaths in question are similar in all material respects to the electrically constructed Christmas wreaths the subject of *United States* v. *Minami* (29 C. C. P. A. 169, C. A. D. 188). They were therefore held dutiable as claimed at 35 percent under paragraph 353 as articles having as an essential feature an electrical element or device, such as signs.